RAPP et al. v. PLATT.

(Supreme Court, Appellate Term.   June 25, 1909.)

1. EVIDENCE (§ 215*)—ADMISSIONS—LETTERS BETWEEN PARTIES.
    In an action for clothes made for defendant, a letter from defendant, wherein he complained of the cut of the coat, inclosed a check for the cost of the alterations, with interest, and said he should be charged on the basis of $50 for the suit, deducting what it would cost to have alterations made, admitted the cause of action less the cost of alterations.
    [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 215.*]

2. SALES (§ 428*)—COUNTERCLAIM—IMPLIED WARRANTIES.
    In an action for clothes made and delivered to defendant, the latter cannot counterclaim on implied warranties of a fit without proof of pecuniary damage.
    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 428.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Joseph Rapp and another against Charles C. Platt.   From a judgment for plaintiffs, defendant appeals.   Affirmed.

Argued before GILDERSLEEVE, P J., and MacLEAN and SEABURY, JJ.

Sterling Pierson, for appellant.
Stainton & Fasola, for respondents.

MacLEAN, J.   The plaintiffs brought this action for $62 for clothes—a suit, $50, and an extra pair of trousers, $12—alleged to have been delivered October 22, 1906.   Mr. Rapp testified that the garments were of the value alleged, that they were ordered the date stated in the complaint, but delivered subsequent to that date.   It came out on cross-examination that they did not fit, and were returned repeatedly for alteration, and as often redelivered; the last such incident occurring June 30, 1908, pending which returns and redeliveries the suit was worn till, as Mr. Rapp said, technically, the trousers were almost out at the turn-ups.   A letter was introduced from the defendant wherein he complained of the cut of the coat, inclosed a check for $8.45 for alterations from the beginning of the year, with inter and said he "should be charged on the basis of $50 for the suit, deducting what it will cost to have the alterations made."

This left the cause of action admitted, saving the discrepancy of the time of delivery, and less the cost to the defendant of the alterations to be made; for, though the fastidious may wear misfits, they may not score off a tailor's tally with their vexations of taste and irritations of modal pride, or effectively counterclaim on implied warranties, without proof of pecuniary damage.   Having granted a motion to amend the complaint conformably to the proof, and the defendant's counsel claiming surprise, the learned trial justice set the further trial over a week, and then, the defendant offering no evidence of anticipatory deductions, did what he only could do, awarded judgment for the plaintiffs.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., concurs.   SEABURY, J., concurs in result.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes